IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **PUBLISH** |
| | ) | |
| v. | ) | **CRIMINAL NO. 97-0031-WS** |
| | ) | |
| **RICARDO SPEIGHTS,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on defendant Ricardo Speights' Motion for Reduction of Sentence (doc. 255) pursuant to 18 U.S.C. § 3582(c)(2), filed by and through retained counsel. Defendant's filing consists of a six-page motion, nearly 40 pages of exhibits, and a 26-page memorandum of law in support of his § 3582(c)(2) request.

**I.  The Proposed Reduction in Sentence.**

Effective November 1, 2007, the United States Sentencing Commission enacted Amendment 706 to the United States Sentencing Guidelines. In general, and with certain exceptions, Amendment 706 (as amended by Amendment 711) operates as a downward ratchet on the penalty structure for crack cocaine offenses to reduce the guideline ranges for particular drug quantities, such that the base offense level associated with a given crack cocaine quantity falls by two levels. The Commission has deemed this amendment to apply retroactively, with an effective date of March 3, 2008. *See* U.S.S.G. § 1B1.10(c); Amendments 712 and 713. Through his motion, defendant seeks to avail himself of the modified guidelines scheme for crack cocaine offenses effectuated by Amendment 706. Pursuant to 18 U.S.C. § 3582(c)(2), the Court is empowered to reduce defendant's sentence under these circumstances. *See generally United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) ("amendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10(c)").

After review of defendant's motion and all relevant factors prescribed by § 1B1.10 and Application Note 1(B) to same, the Court has determined that a reduction of sentence based on the amended guideline range may be appropriate in this case. Defendant's original guidelines

range was 235 to 293 months, and the late District Judge Vollmer imposed a low-end sentence of 235 months. According to the revised guidelines calculation prepared by the United States Probation Office, defendant's new guidelines range is 188 to 235 months after retroactive application of Amendment 706. Imposing a similar low-end sentence in this case would result in a sentence of 188 months, a reduction of 47 months (or fully 20% of the original sentence). Unless either party files a written objection on or before **July 23, 2008**, the Court will enter an order reducing defendant's term of imprisonment to 188 months.

II.     **Defendant's Request for Further Reduction.**

Speights' voluminous filings seek a much deeper cut in his sentence. Indeed, defendant attempts to parlay the very limited relief authorized by Amendment 706, 18 U.S.C. § 3582(c)(2), and U.S.S.G. § 1B1.10 into a reduced sentence of 120 months (a 115-month reduction, or a staggering 49% of the original sentence), which would equate to time served and render him eligible for immediate release. Such an expansive modification is unambiguously proscribed by the applicable statutory scheme.

The law is clear that a sentencing court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("Generally, a district court may not modify a term of imprisonment once imposed"); *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."). By statute, a sentencing court may modify a term of imprisonment only (1) upon motion by the Director of the Bureau of Prisons, (2) to the extent otherwise expressly permitted by statute or by Rule 35, or (3) in certain limited circumstances where a sentencing guidelines range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c); *see also United States v. McGranahan*, 2006 WL 460929, *1 (11th Cir. Feb. 27, 2006) (explaining that district court may correct a sentence under Rule 35, or may modify a sentence under § 3582(c)). The first two possibilities do not apply here; therefore, the Court's power to modify Speights' sentence originates exclusively from § 3582(c)(2), which provides in relevant part that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment ... *if*

***such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.***" 18 U.S.C. § 3582(c)(2) (emphasis added).  Simply stated, then, "[a]ny retroactive reduction in sentence subsequent to a motion filed under § 3582(c)(2) must be consistent with applicable policy statements issued by the Sentencing Commission." *Armstrong*, 347 F.3d at 907 (citation and internal quotations omitted).

The applicable Sentencing Commission policy statement in this case is found at U.S.S.G. § 1B1.10, which provides that retroactive application of Amendment 706 (the crack cocaine amendment) is available via § 3582(c)(2) motion.  But that same policy statement explicitly provides that, in applying Amendment 706, "the court shall substitute only [Amendment 706] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  U.S.S.G. § 1B1.10(b)(1). Furthermore, subject to an exception that is inapplicable here, that policy statement forbids district courts from reducing a sentence below the newly-calculated amended guideline range. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection").  After factoring in the two-level reduction permitted by Amendment 706, the minimum of the amended guideline range for Speights is 188 months, which is precisely the sentence that the Court proposes to impose in this case.  The Sentencing Commission's policy statements (by which this Court is bound in any sentence modification awarded under § 3582(c)(2)) expressly preclude the undersigned from awarding any further sentence reduction to Speights.  In short, the Court is proposing to grant Speights the <u>maximum</u> relief allowed under U.S.S.G. § 1B1.10(b)(2)(A), reducing his sentence to the outer limits of its jurisdiction under § 3582(c)(2).

Speights' rejoinder to the foregoing is to ask the Court to strike down U.S.S.G. § 1B1.10 as unconstitutional or to construe it as advisory only, notwithstanding the absolute language in § 3582(c)(2) that any sentence reduction must be consistent with the applicable policy statement (in this case, § 1B1.10).  Defendant's argument rests on *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and particularly that case's determination that the United States Sentencing Guidelines are advisory, rather than mandatory.  *See United States v.*

*Castaing-Sosa*, --- F.3d ----, 2008 WL 2446815 (11th Cir. June 19, 2008) ("To avoid infringing a defendant's Sixth Amendment right to a jury trial, *Booker* made advisory the Sentencing Guidelines ...."). Speights theorizes that the limits on sentence reductions expressed in the Sentencing Commission's applicable policy statements have the effect of rendering the Guidelines mandatory, thereby running afoul of *Booker*.

After careful consideration of Speights' arguments, the undersigned concludes that § 1B1.10 does not contravene *Booker*. Four considerations inform this decision. First, and fundamentally, a § 3582(c)(2) sentence modification proceeding is discretionary. *See* 18 U.S.C. § 3582(c)(2) (identifying circumstances in which "the court **may** reduce the term of imprisonment") (emphasis added); *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000) ("Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant ...."); *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("Both the language of § 3582(c)(2) and this circuit's precedent indicate that the sentencing court's power to reduce a sentence is discretionary."). A court is not required to provide any § 3582(c)(2) modification for even an eligible defendant, but instead must consider the factors set forth in 18 U.S.C. § 3553(a) to assess whether a reduction is warranted and, if so, to what extent. *See* 18 U.S.C. § 3582(c)(2) (authorizing court to reduce sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable"); *Bravo*, 203 F.3d at 781 ("This decision should be made in light of the factors listed in 18 U.S.C. § 3553(a)."). To frame this process (which can only redound to a defendant's benefit and never to his detriment) as some sort of mandatory undertaking that might trigger Sixth Amendment concerns under *Booker* is inaccurate.

Second, it is well-established that outside the 7-day window for correcting clear error pursuant to Rule 35(a), Fed.R.Crim.P., "there exists no 'inherent authority' for a district court to modify a sentence." *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002). Rather, the Court's power to reduce Speights' sentence is derived exclusively from Congress, which has seen fit to confer such power via 18 U.S.C. § 3582(c)(2). But Congress elected not to equip the district courts with unbounded authority to reduce sentences as much as they wish whenever they wish. *See Bravo*, 203 F.3d at 781 (explaining that "[a] district court's discretion has, therefore, clearly been cabined in the context of a Section 3582(c) sentencing reconsideration"). Instead,

Congress imposed limits on judicial authority to modify sentences, authorizing them to do so only if and to the extent that "such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." § 3582(c)(2). The applicable policy statement in this case is U.S.S.G. § 1B1.10, which generally forbids the court from reducing "the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range ...." § 1B1.10(b)(2)(A). Thus, the statutory scheme sets a lower asymptote for district courts' exercise of discretion in § 3582(c)(2) sentencing modifications. There is nothing unconstitutional or improper about Congress circumscribing the courts' jurisdiction in such a manner. Contrary to Speights' suggestion, *Booker* is not violated every time limits are imposed on a court's sentencing discretion. If it were, then every criminal statute providing for mandatory minimum sentences would be unlawful.[1] The point is this: Congress was not required by the U.S. Constitution to create a sentence modification mechanism at all. Having elected to do so, Congress was free to impose reasonable limits on the courts' jurisdictional authority to perform such modifications. Those limitations do not implicate *Booker* merely because they prevent district courts from exercising unfettered discretion in determining the degree of a sentence modification that may be awarded in a particular case.

Third, Speights' *Booker* argument loses sight of the fact that a § 3582(c)(2) sentence modification is manifestly not a full resentencing. *See, e.g., Bravo*, 203 F.3d at 781 ("This Circuit has been very clear in holding that a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a *de novo* resentencing."); *Vautier*, 144 F.3d at 763 n.8 (similar). Speights' judgment became final back in 2000, nearly five years before *Booker* was decided, rendering him ineligible for a *Booker*-style sentencing. It would be a perverse result, indeed, if the limited § 3582(c)(2) sentence adjustment authorized by the Sentencing Commission via Amendment 706 could be manipulated by a defendant to open the floodgates to

---

[1] Just last week, the Eleventh Circuit reconfirmed the continuing vitality of statutory mandatory minimum sentence provisions in the wake of *Booker*. *See Castaing-Sosa*, 2008 WL 2446815 ("*Booker*'s instruction to district courts to consider the factors in § 3553(a) in fashioning a reasonable sentence cannot be read to authorize using the § 3553(a) factors to impose a sentence below an applicable statutory mandatory minimum.").

a *Booker* resentencing proceeding to which he would otherwise not be entitled. But again, the relief provided by § 3582(c)(2) is not a *de novo* sentencing, but is rather a limited adjustment in the defendant's favor, to which *Booker* considerations cannot and do not logically apply.

   Fourth and finally, aside from *United States v. Hicks*, 472 F.3d 1167 (9th Cir. 2007), a lone Ninth Circuit decision that has been roundly criticized in many quarters, Speights fails to cite a single authority in any jurisdiction that has invalidated § 1B1.10 or effectively rewritten § 3582(c)(2) by construing the policy statement as being merely advisory. However, *Hicks* is overwhelmed by a plethora of persuasive federal decisions from throughout the country in the last few months emphatically overruling *Booker* objections of the kind advanced by Speights here. *See, e.g., United States v. Outlaw*, 2008 WL 2443374, *1 (4th Cir. June 18, 2008) (rejecting defendant's contention that he was entitled to further sentence reductions pursuant to *Booker* because *Booker* is inapplicable to § 3582(c)(2) motions); *United States v. Finney*, 2008 WL 2435559, *3 (W.D. Pa. June 16, 2008) (applying § 1B1.10 to conclude that defendant's sentence may not be reduced to a term less than 168 months, and explaining that "*Booker* does not alter this analysis because it does not apply to § 3582(c)(2) motions"); *United States v. Austin*, 2008 WL 2412949, *2 (M.D. Pa. June 11, 2008) (denying defendant's *Booker* argument and declaring that *Booker* and its progeny have no impact on § 3582(c)(2) because they say nothing about the congressional directive on whether a sentence can be reduced based on subsequent guidelines changes); *United States v. Holmes*, 2008 WL 2413954, *2 (M.D. Fla. June 11, 2008) (opining that "*Booker* is inapplicable to § 3582(c)(2) motions"); *United States v. Perez*, 2008 WL 2309497, *1 (D. Neb. June 4, 2008) (stating "it is not up to me to create new law by expanding the scope of those opinions to cover these types of cases"); *United States v. Johnson*, --- F. Supp.2d ----, 2008 WL 2260052, *3 (W.D. Va. June 3, 2008) (deeming "misplaced" defendant's contention that *Booker* entitled him to a reduction below the amended guideline range in § 3582(c)(2) context); *United States v. Wright*, 2008 WL 2265272, *1 (E.D. Pa. June 3, 2008) ("We agree with the courts that have extended such reasoning to deny application of *Booker* and *Kimbrough* on motions under § 3582(c)(2)."); *United States v. Davis*, 2008 WL 2333135, *1 (N.D. Iowa June 3, 2008) ("[T]he court concludes that [*Booker*] ... does not apply to proceedings under 18 U.S.C. § 3582(c)(2)."); *United States v. Julien*, --- F. Supp.2d ----, 2008 WL 1933340, *2 (D. Me. May 2, 2008) ("the Sixth Amendment concerns that motivated the *Booker* Court to

declare the Guidelines advisory are simply not in play in the context of a sentence reduction under § 3582(c)(2)"); *United States v. Osuna*, 2008 WL 1836943, *3 (E.D.N.Y. Apr. 22, 2008) (collecting cases from other jurisdictions and concluding that *Booker* does not enable a § 3582 petitioner to receive a sentence reduction below that authorized by § 1B1.10); *United States v. Cruz*, 2008 WL 539216, *5 (E.D.N.Y. Feb. 27, 2008) ("when a defendant makes a motion for modification of sentence under § 3582(c)(2), the Sixth Amendment concerns underlying the Supreme Court's recent sentencing opinions are not implicated" because the sentence cannot be increased, such that there is no judge-found fact that increases defendant's sentence beyond the statutory maximum).  The Court joins these authorities in holding that *Booker* and its progeny do not negate or invalidate the limits imposed by Congress on judicial authority in implementing the § 3582(c)(2) sentence modification mechanism.

For all of the foregoing reasons, defendant's Motion for Reduction of Sentence (doc. 255) is **denied** insofar as he seeks reduction of his sentence below the minimum of the amended guidelines range established pursuant to Amendment 706.[2]

**DONE** and **ORDERED** this 23rd day of June, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] The Court likewise **denies** Speights' request that the Court recompute the drug quantities for which he should be held responsible pursuant to Amendment 715.  The court file reflects that Judge Vollmer made a specific determination at sentencing that Speights was responsible for more than 1.5 kilograms of crack cocaine.  Defendant's request that he be resentenced using § 2D1.1's drug equivalency tables ignores that specific factual finding, which this Court is not at liberty to overturn in the context of this § 3582(c)(2) motion.